UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| SAM RAY BOWLING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-CV-107-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Sam Ray Bowling, Jr., is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI")-Oakdale I, which is located in Oakdale, Louisiana. Proceeding without counsel, Bowling has filed a *pro se* civil rights complaint asserting claims under: (1) 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and. (2) the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601, *et seq*. [D. E. No. 1] Bowling has paid the $400.00 filing fee in full, *see* D.E. No. 8, having been denied pauper status on January 11, 2016, *see* Order, D. E. No. 7.

The Court has conducted a preliminary review of Bowling's complaint because he asserts claims against government officials. 28 U.S.C.

§ 1915A.  In such cases, a district court must dismiss any action which: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  *Id*.  Because Bowling is proceeding *pro se*, the Court liberally construes his claims and accepts his factual allegations as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  But as explained below, the Court determines that Bowling has not alleged a claim upon which relief can be granted under either 28 U.S.C. § 2231 and *Bivens*, or the PREA.

## ALLEGATIONS OF THE COMPLAINT

The events set forth in Bowing's complaint allegedly occurred in between February 2015 and August 2015, while Bowing was confined in the FCI-Ashland, which is located in Ashland, Kentucky.  Bowling alleges that On February 22, 2015, another inmate (who will be identified as "Inmate C.B.") made a series of inappropriate sexual comments to him and sexually propositioned him.  [D. E. No. 1, p. 1, ¶¶ 6- 9]  Bowling states that he verbally rebuffed Inmate C.B.'s verbal sexual proposition, and that when he walked away from Inmate C.B., an "unknown inmate" contacted a staff member, after which he (Bowling) was questioned by a prison psychologist, Dr. McFall.  [*Id*., ¶¶ 9-10].  Bowling alleges that during the questioning, Dr.

2

McFall informed him about the PREA policy and reminded him that any sexual contact was "against the law in the BOP." [*Id.*, p. 2, ¶ 11] Bowling states that during the questioning by Dr. McFall, he (Bowling) initially denied that Inmate C.B. had sexually harassed him. [*Id.*]

Bowling then alleges that between February 2015 and August 2015, Inmate C.B. began telling other inmates that he (Bowling) suffers from a serious medical condition, and that during this same time-period, Inmate C.B. continued to sexually harass other inmates. [*Id.*, ¶ 12] On July 21, 2015, Inmate C.B. allegedly grabbed Bowling's right buttock, contact which Bowling describes as an "assault," *see* D. E. No. 1, p. 2, ¶ 14, and that Inmate C.B. threatened him by telling Bowling that if he would perform a sexual act and pay him $1000.00, he would stop spreading rumors about Bowling. [*Id.*, ¶ 13] Bowling states that after this alleged encounter with Inmate C.B., he contacted "Dr. Weirner" in psychology," *see id.*, ¶ 14,[1] and that he was then examined by the medical staff and questioned by the prison's Special Investigation Service ("SIA") agents. [*Id.*, ¶ 15]

Bowling contends that the SIA agents ignored "the current sexual assault allegations," and instead questioned Bowling about (1) other inmates having using his phone; (2) the precise content of Bowling's phone

---

[1] In his Complaint, Bowling makes no further reference to Dr. Weirner.

conversations with a man identified as Michael Parkman; (3) Bowling's future plans relative to his sex life after his release from prison; and (4) Bowling's motives for asserting claims of sexual misconduct against another inmate. [*Id.*, pp. 2-3 ¶¶  15-30]. Bowling alleges that the SIA agents told him that they believed that he was accusing another inmate of sexual misconduct/harassment charges for financial gain. [*Id.*, p. 3. ¶ 31]

Bowling states that he was placed in Administrative Segregation "for protective custody" for an unspecified time-period, and was then transferred to FCI-Oakdale. Bowling claims that he has inquired into the status of the investigation of his sexual harassment complaint, but that he has received no response. *See id.*, ¶ 32. Bowling states that Inmate C.B. "...has... received no formal or informal punishment for his actions." [*Id.*]

Bowling alleges that all of these alleged actions constituted sexual harassment, deliberate indifference, discrimination, and "professional negligence." [*Id.* ¶¶ 24-17] Bowling's claims alleging sexual harassment, and deliberate indifference fall under the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment. Broadly construed, Bowling appears to be alleging that the BOP failed to protect him from Inmate C.B. Bowling's isolated use of the word "discrimination," *see* D. E. No. 1, p. 3, ¶ 26, is broadly construed as a claim falling under the Fifth

Amendment of the U.S. Constitution, which guarantees equal protection of the law.  Finally, as noted, Bowling also alleges that his rights under the PREA were violated.

Bowling seeks $7,775,000 in general damages from the United States of America, the named defendant to this action; an order directing the BOP to pay for his future psychological treatment; an ordering directing the BOP to admit responsibility for "allowing" Inmate C.B. to remain confined in FCI-Ashland; and an order directing the BOP to professionally reprimand the SIA agents at FCI-Ashland who questioned him about his sexual harassment complaint.  [*Id*., ¶¶ 28-32]

## DISCUSSION

In this proceeding, Bowling asserts constitutional torts (alleged violations of his Fifth and Eighth Amendment rights) and has sued the United States of America.  Bowling cannot, however, recover damages against the United States because Congress has not waived sovereign immunity for constitutional torts, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994), and federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "In a suit against the United States, there cannot be a right to money damages without

5

a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). Absent a waiver of sovereign immunity for constitutional torts by Congress, Bowling cannot proceed with his claims seeking monetary damages from the United States based on alleged constitutional torts (under the Fifth and/or Eighth Amendments) allegedly committed by federal officials. These claims must be dismissed under 18 U.S.C. § 1915A (b)(2).

Bowling's complaint suffer from other fatal defects. First, to the extent that Bowling alleges that he has required psychological treatment, or that he will require such treatment in the future, he asserts claims of mental distress and psychological injury. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.*; *see also Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1999) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) ("[A] claim of psychological injury does not reflect the deprivation of 'the minimal civilized measures of life's necessities,' that is the touchstone of a conditions-of-confinement case"); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th

Cir. 2010); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). This bar applies to statutory and constitutional claims. *See Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001).

Here, Bowling alleges that that on one occasion, July 21, 2015, Inmate C.B. grabbed his buttock, describing the encounter as "the assault," [D. E. No. 1, p. 2, ¶ 14] Bowling does not, however, allege that this alleged physical contact and/or "assault" caused him to sustain any physical injury; Bowling does not allege that experienced any pain or bruising resulting from the alleged physical contact by Inmate C.B.; and he does not allege that his subsequent medical examination yielded a diagnosis of physical injury to his buttock. Given the facts as alleged by Bowling (or, more appropriately, given the *absence* of alleged facts) any broadly construed injury that Bowling sustained from Inmate C.B. grabbing his buttock contact would have been, at best, only *de minimis*. *See e.g., Tuttle v. Carroll County Detention Center*, 500 F. App'x 480, 482 (6th Cir. 2012) ("His [Plaintiff's] bare-bones allegation that the female deputy "*grabbed* my privates and *squeezed them really hard*" (emphasis added) is simply too subjective and vague to state an Eighth Amendment violation.")

Bowling alleges that Inmate C.B. repeatedly harassed him verbally, by making offensive and inappropriate sexual comments and by threatening to

engage in more offensive conduct. But Bowling does not allege that he suffered any *physical injury* resulting from the alleged verbal threats and verbal harassment directed toward him by Inmate C.B. Accordingly, Bowling's claims alleging psychological harm must be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A (b)(1).

Second, Bowling cannot proceed with his claims for damages under the PREA. This Court has previously held on at least two occasions that the PREA creates no private right of action. *See Sublett v. Bryant*, No. 15-Cv-16-JMH, 2015 WL 2401222, at *4 (E. D. Ky. May 20, 2015); *Beckham v. Keaton*, No. 14-CV-159-HRW, 2015 WL 1061597, at *7 (E.D. Ky. Mar. 10, 2015) (collecting multiple district court cases from this and other circuits holding that the PREA does not create a private right of action).

This conclusion makes sense because "[t]here is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act." *See Simmons v. Solozano*, No. 14CV-P354-H, 2014 WL 4627278, at *4 (W.D. Ky. Sept. 16, 2014) (quoting *Holloway v. Dep't of Corr.*, No. 11VCV1290, 2013 WL 628648, at *2 (D.Conn. Feb. 20, 2013)). And when neither "the text [nor the] structure of a statute . . . indcat[e] that Congress intend[ed] to create new individual rights," the statute does not create a private right of action.

*See Johnson v. City of Detroit*, 446 F.3d 614, 619 (6th Cir. 2006) (internal quotation marks omitted) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–84 (2002)). With no statutory private right of action under the PREA, Bowling fails to state a claim upon which relief can be granted on that issue. 28 U.S.C. § 1915A (b)(1).

Third, Bowling asserts, in cursory fashion devoid any detail, a claim alleging "discrimination," *see* D. E. No. 1, p. 3, ¶26, but he provides no facts in support of that allegation. That failure provides yet another basis for dismissal. "[B]road and conclusory allegations of discrimination cannot be the basis of a complaint"; rather, "a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012). Even so, the Fifth Amendment's Equal Protection Clause does not prohibit the government from treating different groups of persons in different ways; it merely prohibits the government from doing so arbitrarily or for a legally-impermissible reason. Prisoners are not a suspect classification entitled to strict scrutiny. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Further, to support an equal protection discrimination claim, a plaintiff must demonstrate not only that he was treated differently from others similarly situated, but that the different treatment was not

rationally related to a legitimate government interest. *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). Here, Bowling does not allege that FCI-Ashland officials treated other FCI-Ashland inmates differently under similar circumstances involving the processing of, or the internal investigation into, complaints alleging sexual harassment at the hands of another inmate. Absent that vital allegation, Bowling has not articulated a valid Fifth Amendment equal protection discrimination claim.

Fourth and finally, to the extent that Bowling alleges "professional negligence," *see* D. E. No. 1, p. 3, ¶ 27, presumably in relation to the prison psychologist(s), Dr. McFall and/or Dr. Weirner, Bowling asserts a negligence based on state tort law, not a claim alleging a federal constitutional violation--although as previously explained, the United States enjoys sovereign immunity from claims of alleged constitutional violations. Bowling may file a claim in the state courts of Kentucky asserting a claim of professional negligence against these individuals, but he may not proceed with his negligence claims in this *Bivens* civil rights action, the mechanism through which a plaintiff can sue an individual acting under color of federal law who has allegedly violated the plaintiff's constitutional rights. Having dismissed Bowling's claims which implicate federal question jurisdiction,

this Court declines to exercise jurisdiction any pendant state law claims asserted by Bowling. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966); *Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988) ("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed.").

## CONCLUSION

Accordingly, for the reasons set forth above, **IT IS ORDERED** as follows:

(1)     The Fifth and Eighth Amendment constitutional claims asserted by Plaintiff Sam Ray Bowling, Jr., under 28 U.S.C. § 1331, and the claims asserted by Bowling under the Prison Rape Elimination Act, 42 U.S.C. § 15601, *et seq.* in his civil rights Complaint [D. E. No. 1] are **DISMISSED WITH PREJUDICE**.

(2)     Bowling's pendant state law claims alleging "professional negligence" asserted in his Complaint are **DISMISSED WITHOUT PREJUDICE** to Bowling's right to assert those claims in state court.

(2)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This February 22, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge